| Fill in this information to identify the case: |
|---|
| United States Bankruptcy Court for the: |
| Southern District of New York |
| Case number (*If known*): _____ Chapter 15 |

☐ Check if this is an amended filing

Official Form 401
# Chapter 15 Petition for Recognition of a Foreign Proceeding   12/15

*If more space is needed, attach a separate sheet to this form. On the top of any additional pages, write debtor's name and case number (if known).*

1. **Debtor's name**
   Nordic Aviation Capital Designated Activity Company

2. **Debtor's unique identifier**
   
   **For non-individual debtors:**
   ☐ Federal Employer Identification Number (EIN) ___ ___ – ___ ___ ___ ___ ___ ___ ___
   ☑ Other  567526  . Describe identifier  Company Registration Office Number
   
   **For individual debtors:**
   ☐ Social Security number: xxx – xx– ___ ___ ___ ___
   ☐ Individual Taxpayer Identification number (ITIN): 9 xx – xx – ___ ___ ___ ___
   ☐ Other _____. Describe identifier _____.

3. **Name of foreign representative(s)**
   Søren Martin Overgaard

4. **Foreign proceeding in which appointment of the foreign representative(s) occurred**
   Proceeding under Companies Act 2014 of Ireland before High Court of Ireland

5. **Nature of the foreign proceeding**
   
   *Check one:*
   ☑ Foreign main proceeding
   ☐ Foreign nonmain proceeding
   ☐ Foreign main proceeding, or in the alternative foreign nonmain proceeding

6. **Evidence of the foreign proceeding**
   ☑ A certified copy, translated into English, of the decision commencing the foreign proceeding and appointing the foreign representative is attached.
   ☐ A certificate, translated into English, from the foreign court, affirming the existence of the foreign proceeding and of the appointment of the foreign representative, is attached.
   ☐ Other evidence of the existence of the foreign proceeding and of the appointment of the foreign representative is described below, and relevant documentation, translated into English, is attached.
   _____
   _____

7. **Is this the only foreign proceeding with respect to the debtor known to the foreign representative(s)?**
   ☐ No. (Attach a statement identifying each country in which a foreign proceeding by, regarding, or against the debtor is pending.)
   ☑ Yes

Debtor   __Nordic Aviation Capital Designated Activity Com__   Case number (*if known*)_____
         Name

| 8. | **Others entitled to notice** | Attach a list containing the names and addresses of: |
|---|---|---|
| | | (i)   all persons or bodies authorized to administer foreign proceedings of the debtor, |
| | | (ii)  all parties to litigation pending in the United States in which the debtor is a party at the time of filing of this petition, and |
| | | (iii) all entities against whom provisional relief is being sought under § 1519 of the Bankruptcy Code. |

9. **Addresses**

**Country where the debtor has the center of its main interests:**

__Ireland__

**Debtor's registered office:**

__Gardens International, Henry Street__
Number     Street

_____
P.O. Box

__Limerick__
City         State/Province/Region     ZIP/Postal Code

__Ireland, V94 4D83__
Country

**Individual debtor's habitual residence:**

_____
Number     Street

_____
P.O. Box

_____
City         State/Province/Region     ZIP/Postal Code

_____
Country

**Address of foreign representative(s):**

__Skovly Mark 27 DK 2480__
Number     Street

_____
P.O. Box

__Holte__
City         State/Province/Region     ZIP/Postal Code

__Denmark__
Country

10. **Debtor's website** (URL)    __https://www.nac.dk/__

11. **Type of debtor**

*Check one:*

☑ Non-individual (*check one*):

  ☑ Corporation. Attach a corporate ownership statement containing the information described in Fed. R. Bankr. P. 7007.1.

  ☐ Partnership

  ☐ Other.  Specify: _____

☐ Individual

| Debtor | Nordic Aviation Capital Designated Activity Company | Case number (if known) _____ |
|---|---|---|
| | Name | |

**12. Why is venue proper in *this* district?**

Check one:

☑ Debtor's principal place of business or principal assets in the United States are in this district.

☐ Debtor does not have a place of business or assets in the United States, but the following action or proceeding in a federal or state court is pending against the debtor in this district:
_____

☐ If neither box is checked, venue is consistent with the interests of justice and the convenience of the parties, having regard to the relief sought by the foreign representative, because:
_____

**13. Signature of foreign representative(s)**

I request relief in accordance with chapter 15 of title 11, United States Code.

I am the foreign representative of a debtor in a foreign proceeding, the debtor is eligible for the relief sought in this petition, and I am authorized to file this petition.

I have examined the information in this petition and have a reasonable belief that the information is true and correct.

I declare under penalty of perjury that the foregoing is true and correct,

✗ _/s/ Søren Martin Overgaard_    **Søren Martin Overgaard**
Signature of foreign representative    Printed name

Executed on  06 / 11 / 2020
              MM / DD / YYYY

✗ _____    _____
Signature of foreign representative    Printed name

Executed on  _____
              MM / DD / YYYY

**14. Signature of attorney**

✗ _/s/_    Date  06/11/2020
Signature of Attorney for foreign representative    MM / DD / YYYY

Michelle M. McGreal, Esq.
Printed name
Clifford Chance US LLP
Firm name
31 West 52nd Street
Number    Street
New York                                        NY        10019
City                                            State    ZIP Code

(212) 878-8000                          Michelle.McGreal@CliffordChance.c
Contact phone                           Email address

4599031                                 NY
Bar number                              State

**Exhibit A**

**Certified Copy of Minutes of a Meeting of the Board of Directors of Nordic Aviation Capital Designated Activity Company Dated 4 June 2020**

4 June 2020

**Minutes of a meeting of the board of directors (the "Board") of
Nordic Aviation Capital Designated Activity Company
(the "Company")
held as a phone conference
on 4 June 2020 at 16.00 Irish time (the "Meeting")**

| | |
|---|---|
| **Present:** | Martin Møller Nielsen (MM) (Chairman) |
| | Søren Martin Overgaard (SMO) |
| | Thomas Turley (TT) |
| | James Murphy (JM) |
| | |
| **In Attendance:** | Morten Mikkelsen, (MMI) (Chief Financial Officer) |
| | Gareth Halpin (GH) (Chief Funding Officer) |
| | Kenneth Ullerup, (KUL) |
| | Elaine Kirby |
| | Jette Hulgaard (JMH) |
| | |
| | Andrew Merritt, (AM), Rothschild & Co |
| | |
| | William Glaister, WG, Clifford Chance LLP |
| | Philip Hertz, PH, Clifford Chance LLP |
| | |
| | Joe Fay, (JGF), McCann FitzGerald |
| | Michael Murphy, (MOM), McCann FitzGerald |
| | Rebecca Russell-Carroll, McCann FitzGerald |

1.  **Declaration of Interests**

    **IT WAS NOTED** that the directors of the Company (the "**Directors**," each a "**Director**") had confirmed that he/she was not disqualified from participating in the Meeting and/or the considerations, the determinations and resolutions to be made at the Meeting and he/she had disclosed to the secretary of the Company (the "**Secretary**") the manner (if any) in which he/she was interested in any transaction to be discussed at the Meeting for the purposes of Section 231 of the Companies Act 2014.

2.  **Notice, Quorum**

2.1 **IT WAS NOTED** by the Chairman that a quorum was present and that the Meeting was otherwise duly convened in accordance with the Constitution of the Company to transact business.

2.2 **IT WAS NOTED** that all Directors entitled to attend and vote at the Meeting had received notice of the Meeting. **IT WAS FURTHER NOTED** that all the Directors present were, pursuant to the Constitution of the Company, entitled to vote and be counted in the quorum and that each Director present could hear, and be heard, by each other Director

2.3 **IT WAS FURTHER NOTED** that, for the purposes of Section 137 of the Companies Act 2014, at least one (1) of the Directors is resident in the European Economic Area and that each Director present did not individually hold more than 25 directorships for the purposes of Section 142 of the Companies Act 2014, and was therefore eligible to vote on all board resolutions brought before the Meeting.

2.4 Due to COVID 19 and travel restrictions the Meeting was held by telephone conference.

4 June 2020

Transaction, the documents referred to in paragraph 7.8 hereof or any part thereof (the "**Scheme Ancillary Documents**").

7.10  The transactions referred to in this paragraph 7 shall hereinafter be referred to as the "**Scheme Transaction**".

7.11  All of the documents referenced in paragraph 7.8 hereof (including the Affidavit, the Deed of Indemnity and Contribution, the English Waiver and Deferral, the German Waiver and Deferral, the New York Waiver and Deferral and the Scheme Document), together with the Scheme Ancillary Documents, shall hereinafter collectively be referred to as the "**Scheme Transaction Documents**".

8.  **Approval of the Scheme Transaction**

8.1  The Board noted that drafts of the principal Scheme Transaction Documents were available to them and the Board considered and discussed:

   (a)  the proposed terms of the Scheme, the statements of fact and opinion made in the Scheme Document and the sworn statements to be made by SMO in the Affidavit;

   (b)  the risks associated with the Scheme Transaction, the obligations which the Company would incur under the Scheme Transaction and each of them and the benefits expected to accrue to the Company and the NAC Group as a result of the Scheme Transaction and the sanctioning of the Scheme (taken individually and together);

   (c)  the terms and conditions (including the proposed terms) of the Scheme Transaction Documents;

   (d)  the operation and implications (insofar as it or they affected the Company) of the Scheme Transaction;

   (e)  the financial position of the Company; and

   (f)  the alternatives to the Scheme available to the Company and the implications for the Company of a failure to obtain (i) creditor approval of the proposed Scheme (in the manner required by the Companies Act of Ireland 2014) and/or (ii) the High Court of Ireland's sanction of the proposed Scheme.

MM noted that at a meeting of the Strategic Advisory Committee held earlier in the day, the Strategic Advisory Committee has recommended that the Board should, if thought fit, approve and enter into the Scheme Transaction and the Scheme Transaction Documents. He thanked the advisers for their diligence in progressing Project Claret.

8.2  **IT WAS RESOLVED**:

   (a)  **that** the Scheme Transaction and each element thereof, would be of material benefit to the Company, would be in its commercial interest and within its corporate powers;

   (b)  **that** the Scheme Transaction and each element thereof be approved;

   (c)  **that** each director and each Attorney of the Company (as defined below) be authorised to negotiate, settle, agree and execute on behalf of the Company all documents as any such director or attorney may consider necessary or desirable in connection with or for the purposes of effecting the Scheme Transaction (and each part thereof), including but not limited to the Scheme Transaction Documents;

4 June 2020

    (d)    **to** authorise the execution of the Scheme Transaction Documents under the common seal of the Company in accordance with its constitutional documents and/or by any director or any duly authorised attorney as referred to below;

    (e)    **to** appoint Søren Martin Overgaard or, in the event that he is unavailable or unable to perform, any other Director for the time being of the Company (and such nominees or alternates as Mr Overgaard or such other Director may appoint) as the Company's Foreign Representative of the Company in connection with the Chapter 15 Case;

    (f)    **to** instruct Clifford Chance LLP (as the Company's US counsel) to bring the US Chapter 15 recognition application for and on behalf of the Company before any court of competent jurisdiction of the United States and to agree, finalise and execute any agreements, applications, notices or other instruments whatsoever necessary or desirable in connection with the US Chapter 15 recognition application and the Chapter 15 Case generally;

    (g)    **to** appoint Søren Martin Overgaard or, in the event that he is unavailable or unable to perform, any other Director for the time being of the Company as the person to chair the Scheme Meetings and any adjournment or reconvening of any of them; and

    (h)    **that** the Company should generally do and perform all such further acts and things on its part in relation to the consummation of the Scheme Transaction.

9. **Grant of Powers of Attorney and delegation to Attorneys**

   **THE BOARD FURTHER RESOLVED:**

9.1    **that** each Attorney (as defined below) be authorised to:

    (a)    negotiate, settle and agree the final terms and conditions of the Scheme Transaction and the Scheme Transaction Documents to which the Company is a party and any other documents, deeds, agreements, assignments, guarantees, indemnities, releases, forms, instruments, filings, notices, acknowledgements, letters or certificates of whatsoever nature as are (in the sole opinion of any Attorney) required or desirable in connection with, pursuant to, or in relation to the transactions envisaged by the Scheme Transaction or the Scheme Transaction Documents, to execute under seal, under hand, as a deed or otherwise and (where required) deliver, upon its/his behalf and in its/his name or otherwise, the Scheme Transaction Documents to which the Company is a party and any such other related documents, deeds, agreements, assignments, guarantees, indemnities, releases, forms, instruments, filings, notices, acknowledgements, letters or certificates and together with such amendments thereto (if any) as to which such Attorney shall in its/his sole discretion approve (with its/his opinion or approval to be evidenced conclusively by the execution and delivery of the Scheme Transaction Documents to which the Company is a party and any such other documents, agreements, guarantees, indemnities, letters, deeds, instruments and certificates);

    (b)    to give any notice, certificate, confirmation or communication or undertake any other action required under or in connection with the transactions contemplated by the Scheme Transaction or any of the Scheme Transaction Documents or such other documents, deeds, agreements, assignments, guarantees, indemnities, releases, forms, instruments, filings, notices, acknowledgements, letters or certificates referred to in (a) above; and

    (c)    generally to do or perform any and all acts or things and/or take any other action in relation to any of the matters referred to in paragraphs (a) and (b) above as such Attorney as the case may be may in its/his absolute and unfettered discretion consider necessary or advisable in order to give effect to the Scheme Transaction or any of the transactions contemplated by the

4 June 2020

        Scheme Transaction Documents including (without limitation) the making and acceptance of payments on behalf of the Company and effecting registration of any of the Scheme Transaction Documents or such other documents, deeds, agreements, assignments, guarantees, indemnities, releases, forms, instruments, filings, notices, acknowledgements, letters or certificates referred to in paragraphs (a) and (b) above in courts, central offices, public title document registries, aircraft registries, mortgage/charge registries or any other registries as may be required in connection with the transactions contemplated thereby, in each case in such form as such Attorney may in its/his absolute and unfettered discretion agree;

9.2    **that** the Company grant one or more powers of attorney in connection with the Scheme Transaction, in forms to be approved by the Secretary or any director of the Company to each director for the time being of the Company, namely Martin Møller Nielsen, Søren Martin Overgaard, Thomas Turley and James Murphy and to Gareth Halpin, and to such nominees as may be appointed pursuant to the terms thereof and to any other person nominated in writing as an additional attorney by the Secretary of the Company or any director of the Company (each an "**Attorney**"), powers of attorney to be executed under the Company's common seal and in accordance with the constitution of the Company, or under hand by any Director, or in such other manner as may be required or permitted pursuant to applicable law;

9.3    **that** the Company grant one or more powers of attorney in connection with the Scheme Transaction in forms to be approved by any director of the Company or any Attorney to one or more of the Company's lawyers practising in any jurisdiction relevant to the Scheme Transaction (including, without limitation, the United States of America) to authorise such lawyers to execute any documents necessary or desirable in connection with the Scheme Transaction (including, without limitation, any Scheme Transaction Documents and any documents related thereto) and to effect any such filings, applications, motions, registrations and/or de-registrations or other matters in or with such courts, court registrars, central offices, public title document registries, aircraft registries, mortgage/charge registries or any other registries or public offices in each case as may be required in connection with the transactions contemplated by these resolutions, such powers of attorney to be executed under the Company's common seal and in accordance with the constitution of the Company, or under hand by any Director, or in such other manner as may be required or permitted pursuant to applicable law; and

9.4    **that** any actions taken by any Attorney prior to the date of the Meeting and which would be required or permitted by the resolutions passed at the Meeting are ratified and approved and confirmed as the acts and deeds of the Company in all respects.

10.    **Next meetings**

10.1    MM proposed that the next meeting should be 15 June 2020 at 16:00 (Irish time).

10.2    MM noted that the Board may need to meet again before 15 June 2020 in connection with the Scheme Transaction and noted that SMO and the other members of the executive team would keep the Board informed of developments in relation to the Scheme and scheme creditor reaction.

11.    **Any other business**

    As there were no other subjects for discussion the Meeting was concluded.

_____
Chairman

# Exhibit B

**Certified Copy of Convening Order of High Court of Ireland
Commencing Foreign Main Proceeding and Authorizing Foreign Representative**

**THE HIGH COURT**

**2020 NO.162 COS**

**(2020 No 65 COM)**

TUESDAY THE 9ᵀᴴ DAY OF JUNE 2020

BEFORE MR JUSTICE BARNIVILLE

IN THE MATTER:

OF NORDIC AVIATION CAPITAL DESIGNATED ACTIVITY COMPANY

-and-

IN THE MATTER OF:

**THE COMPANIES ACTS 2014 TO 2018**

-and-

IN THE MATTER OF:

**A PROPOSAL FOR A SCHEME OF ARRANGEMENT PURSUANT TO PART 9, CHAPTER 1 OF THE COMPANIES ACT 2014**

Upon Motion of Counsel for Nordic Aviation Capital Designated Activity Company (the "**Applicant**" or the "**Company**") pursuant to an Originating Notice of Motion dated the 5ᵗʰ of June 2020 coming on for hearing on the 9ᵗʰ day of June 2020.

And upon reading said Originating Notice of Motion and the document appended thereto, the affidavit of Soren Martin Overgaard sworn on the 5ᵗʰ day of June 2020 filed in Court this day (the "**Grounding Affidavit**"), the exhibits to Grounding Affidavit, the Notice of Motion for Entry to the Commercial List dated the 5ᵗʰ day of June 2020, and the Certificate of Michael Murphy of McCann FitzGerald Solicitors dated the 5ᵗʰ day of June 2020 and the two undertakings in compliance with **High Court Practice Directive HC85** and the

**THE HIGH COURT**

affidavit of Michael Murphy sworn on the 9th day of June 2020 the Affidavit of Philip Hertz both filed in Court this day

And upon hearing said Counsel:

**IT IS ORDERED:**

1. That the within proceedings (together with any application as may be presented hereafter seeking approval of the proposed scheme of arrangement) be entered into the Commercial Court List pursuant to Order 63A Rule 1(a)(i) and/or Rule 1(b) of the Superior Courts 1986, as amended.

2. Pursuant to section 450(3) of the Companies Act 2014 (as amended) (the "**Act**") that this Honourable Court hereby directs the summoning of the following meetings:

    (a)   a meeting of the Secured Scheme Creditors; and

    (b)   a meeting of the Unsecured Scheme Creditors,

    such meetings being referred to as the First Scheme Meeting and the Second Scheme Meeting respectively (together the "**Scheme Meetings**").

3. Pursuant to section 450(5), that the Scheme Meetings required to approve the Scheme shall comprise:

    (a)   the First Scheme Meeting being the Secured Scheme Creditors (as defined in the Scheme Circular); and

    (b)   the Second Scheme Meeting being the Unsecured Scheme Creditors (as defined in the said Scheme Circular).

4. The following directions shall apply in relation to the notification and holding of the Scheme Meetings:

    (a)   that the First Scheme Meeting be convened for 10am (Irish Time) on 24 June 2020;

    (b)   that the Second Scheme Meeting be convened for 12pm (Irish Time) on 24 June 2020;

**THE HIGH COURT**

(c) that, by no later than 10 June 2020, the following documents be sent by email to the Scheme Creditors by or on behalf of the Company and also be made available to the Scheme Creditors from the website maintained by Civica Election Services ("**Civica**") at the following address www.cesvotes.com/Claret:

    (i) a notice of the scheme meetings in the form appended to Section III of the Scheme Circular (the "**Notice of the Scheme Meetings**"); and

    (ii) the Scheme Circular, which shall, *inter alia*, append thereto the terms of the Scheme and a voting/proxy form including guidance notes for the completion thereof ("**Voting/Proxy Form**").

(d) the accidental omission to serve any Scheme Creditor with the Notice of the Scheme Meetings or the Scheme Circular or the Voting/Proxy Form, or the non-receipt by any Scheme Creditor of the Notice of the Scheme Meetings or the Scheme Circular or the Voting/Proxy Form will not invalidate the proceedings at the Scheme Meetings; and

(e) that the summoning of the Scheme Meetings be advertised in *Iris Oifigiuil*, *the Irish Times*, and the International Edition of *the Financial Times* by no later than 12 June 2020 in the form appended to Schedule One of the Originating Notice of Motion.

5. The following directions in relation to the appointment of a Chairperson of the Scheme Meetings:

(a) that Soren M. Overgaard or in his absence such other person as the board of directors of the Scheme Company may determine be Chairperson of the Scheme Meetings; and

(b) that Chairperson file a report with this Honourable Court on the Scheme Meetings and the voting prior to the hearing of the application for sanction of the Scheme (assuming the requisite statutory majorities are obtained at the Scheme Meetings).

THE HIGH COURT

6. The following direction in relation to the entitlement to attend and vote at the Scheme Meetings or any adjournment thereof (including the entitlement to appoint (and procedures for appointing) a proxy or proxies for such Scheme Meetings) and the value of an Scheme Creditor claim in respect of which votes may be cast thereat, an Order that such matters be determined by reference to the procedures and protocol set out in Part VI of the Scheme Circular (entitled "**Mechanics of the Scheme**") which provide that or to the effect that:

(a) the Scheme Meetings will not be physically held and it will only be possible for Scheme Creditors to attend the Scheme Meetings by way of remote participation and in accordance with the protocols set out in Part VI of the Scheme Circular. In particular Scheme Creditors may attend the Scheme Meetings either:

(i) by telephone by calling +353 153 399 82 and entering the following access code 321 758 774. The live audio from the Scheme Meetings will be available from 10a.m. (Irish Time) on 24 June 2020. Scheme Creditors will be able to hear the Chairperson, to raise questions and receive answers through the telephone. It will not be possible to attend the Scheme Meetings by using a rotary dial telephone; and/or

(ii) by on-line video conference by accessing https://cliffordchance.webex.com/meet/nacdac. Scheme Creditors will be able to see and hear the Chairperson, to raise questions and receive answers through the video conference.

("**Remote Participation Methods**")

(b) only the Scheme Creditors who are lenders, noteholders or equivalent financiers under the relevant Facility (as defined in the Scheme) as at the "**Voting Reference Time**", being 11 a.m. (Irish Time) on 17 June 2020 are entitled to attend and vote (by using one of the Remote Participation Methods), either in person, by a duly authorised representative, if a corporation, or by proxy at the relevant Scheme Meeting;

(c) only Scheme Creditors who return each of the following "**Submission Documents**" by email only to nacdac@civica.co.uk copying tom.marr@cliffordchance.com by no later than 12 p.m. (Irish Time) on 23 June 2020 ("**Submission Deadline**") are entitled to attend and vote (by using one of the Remote Participation Methods), either in person, by a duly authorised representative, if a corporation, or by proxy at the relevant Scheme Meeting:

(i) their completed and signed Voting/Proxy Forms;

(ii) if the Scheme Creditor is a corporate entity and intends to attend and vote at the Scheme Meetings (by using one of the Remote Participation Methods), evidence of corporate authority (for example, a valid power of attorney and/or board authority) and evidence of his/her personal identity (for example, a passport or other picture identification) together with his or her corresponding e-mail address; and

(iii) if a proxy (other than the Chairperson) intends to attend and vote at the Scheme Meetings (by using one of the Remote Participation Methods), evidence of his/her personal identity (for example, a passport or other picture identification) together with his or her corresponding e-mail address.

(d) Failure to deliver all of the Submission Documents by the Submission Deadline will mean that voting instructions contained in the Voting/Proxy Forms will be disregarded for the purposes of voting at the relevant Scheme Meeting. In addition, the Scheme Creditor on whose behalf the Submission Documents have not been delivered by the Submission Deadline will not be entitled to attend and/or vote at that particular Scheme Meeting;

(e) Upon receipt of the Submission Documents, Civica will email Scheme Creditors notification of their "Unique Creditor ID". At the Scheme Meetings and following the Chairperson's opening statement to Scheme Creditors followed by any questions from Scheme Creditors, the Scheme Meetings will be adjourned for thirty minutes

**THE HIGH COURT**

to allow Scheme Creditors register their vote. Scheme Creditors will only be able to register their vote by telephone although it will not be possible for Scheme Creditors to register their vote by using a rotary dial telephone. Scheme Creditors will need to provide their Unique Creditor ID in order to register their vote;

(f) for the purpose of voting at the Scheme Meetings, a Scheme Creditor's Voting Value (as defined in the Scheme Circular) will be calculated based on the outstanding amount owing to a Scheme Creditor under the relevant Facility at the Voting Reference Time based on information provided to the Company by the Facility Agents (as defined in the Scheme Circular). This information will be used by the Chairperson to determine whether the resolution is passed at each Scheme Meeting;

(g) the assessment of a Scheme Creditor's Voting Value for voting purposes shall be carried out by the Chairperson with the support of Civica. The Chairperson may, for voting purposes only, reject a Voting Value in whole or in part if he/she considers that it does not constitute a fair and reasonable assessment of the relevant sums owed to the relevant Scheme Creditor by the Company or if the relevant Scheme Creditor has not complied with the voting procedures described in the Scheme Circular;

(h) the Chairperson shall be entitled (without the consent of the Scheme Creditors) to adjourn the Scheme Meetings (and any adjourned Scheme Meetings) to such new date and time as the Chairperson shall decide by giving notice to the Scheme Creditors in the same manner as notice was given to them of the information referred to in Order 4(c) herein;

(i) that any poll with respect to the question of whether to approve the Scheme, establish both the number of Scheme Creditors voting for and against the Scheme and the value of the Scheme Creditors' claims voted for and against the Scheme at the Scheme Meetings;

THE HIGH COURT

(j) that a poll shall, subject to the foregoing, be taken in such manner as the Chairperson shall direct and that the Chairperson may appoint scrutineers.

7. That if the Scheme is approved by the requisite majority at the Scheme Meetings, the Originating Notice of Motion to be issued by the Company seeking this Honourable Court's approval of the Scheme be made returnable in the Commercial List, without the need for a further application for admission, and be listed for mention and any necessary directions at 2pm (Irish Time) on 25 June 2020.

**Chapter 15 Proceedings**

8. That Soren M. Overgaard who was appointed by the board of the Company on 4 June 2020 be confirmed to serve as foreign representative in any proceedings under Chapter 15 of the United States Bankruptcy Code with respect to the Scheme or such other appropriate person selected by the board of the Company, be authorised to act as foreign representative in any proceedings under Chapter 15 of the United States Bankruptcy Code in relation to the Scheme.

9. That the Company shall have liberty to apply.

MARIANNE WHITE
REGISTRAR
Date of Perfection: 9th June 2020

**McCann FitzGerald,
Solicitors for the Applicant**

A COPY WHICH I ATTEST

...................................
FOR REGISTRAR

## Exhibit C

**Corporate Ownership Statement**

CLIFFORD CHANCE US LLP
Jennifer C. DeMarco
Michelle M. McGreal
31 West 52nd Street
New York, New York 10019
Telephone: (212) 878-8000

*Attorneys for the Foreign Representative*

**UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK**

------------------------------------------------------- x
                                                        :
In re:                                                  :
                                                        :   Chapter 15
**NORDIC AVIATION CAPITAL**                             :
**DESIGNATED ACTIVITY COMPANY,**                        :   Case No. 20-_____ (__)
                                                        :
**Debtor in a Foreign Proceeding.**[1]                  :
                                                        :
------------------------------------------------------- x

**CORPORATE OWNERSHIP STATEMENT OF
NORDIC AVIATION CAPITAL DESIGNATED ACITIVITY COMPANY
PURSUANT TO BANKRUPTCY RULES 1007(A)(4) AND 7007.1 AND LOCAL RULE 1007-3**

1. List of corporations, other than governmental units, that directly or indirectly own ten percent (10%) or more of any class of the Debtor's equity interests:

- Axiom Partners 10 Limited
- EQT Nordic Aviation Co-Investment LP
- EDT VI Fund
- NAC Luxembourg I S.A.
- NAC Luxembourg II S.A.
- NAC Luxembourg III S.A.
- Raffles Private Holdings Limited
- Turbo Holding Guernsey Limited

---

[1] Nordic Aviation Capital Designated Activity Company is incorporated and registered under the laws of Ireland with registered number 567526 and with its registered office at Gardens International, Henry Street, Limerick, Ireland V94 4D83.

2. List of all entities whose securities are publicly traded in which the Debtor directly or indirectly owns 10% or more of any class of the corporation's equity interests, and any general or limited partnership or joint venture in which any of the Debtors owns an interest:

- None.

Dated: New York, New York
June 12, 2020

Respectfully submitted,

/s/ Michelle M. McGreal

CLIFFORD CHANCE US LLP
Jennifer C. DeMarco
Michelle M. McGreal
31 West 52nd Street
New York, New York 10019
Telephone: (212) 878-8000

*Attorneys for the Foreign Representative*